HARRIS *v.* COMMONWEALTH.

**Gaming — Limitation.**

A prosecution for committing gaming in defendant's house is subject to the limitation of five years and one year after the commission of the offense.

**Venue — Failure of Proof.**

The commonwealth failed to prove that the offense was committed in the county of Marion, which was essential to recover.

APPEAL FROM MARION CIRCUIT COURT.

June 7, 1866.

OPINION OF THE COURT BY JUDGE MARSHALL:

This indictment is obviously founded on the tenth section of the Revised Statutes (chapter 42, title Gaming, 1 Stanton's Rev.

Stat. 565), and as that statute and its tenth section are among the laws against unlawful gaming, this prosecution, for suffering gaming at which money or property was bet, won, and lost in the defendant's house, is subject to the limitation of five years, declared by the eighteenth section of the same act, and to the limitation of one year after the commission of the offense, prescribed by the twenty-first section of chapter 28, title Crimes and Punishments (2 Stanton's Rev. Stat. 374), which section expressly excludes from its operation cases "when a different limitation is allowed by the statute imposing the penalty."

There was no error in assuming five years to be the limitation. But the Commonwealth failed to prove that the offense charged was in fact committed within the county of Marion, a fact essential to the recovery of the penalty on this indictment, and the court erred in not granting a new trial, as in the absence of this proof the verdict is contrary to law.

Wherefore, the judgment is reversed and the cause remanded for a new trial.